**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DOUGLAS E. SHIELDS,

Plaintiff

v.

DORENE L. SHIELDS,

Defendant

Case No.: 3:26-cv-00224-MMD-CSD

**Order**

Re: ECF No. 5

The court previously granted Plaintiff in forma pauperis status and screened Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915(e). The court allowed Plaintiff to proceed with a claim for conversion against Defendant for the alleged theft of Plaintiff's personal belongings. (ECF No. 3.) The court dismissed the complaint with leave to amend as to Plaintiff's claim against Defendant for the alleged theft of property devised to Plaintiff by his mother's will. Plaintiff has filed a first amended complaint (FAC) (ECF No. 5), which the court now screens.

## I. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's First Amended Complaint**

Plaintiff, a citizen of Nevada, brings an amended complaint against Dorene Shields, a citizen of California, by way of this court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff alleges that Defendant unlawfully took possession of several items of his property including tools, equipment, antiques, collectibles, clothing, and more. According to Plaintiff, Defendant sold these items and retained the profit for herself.

Plaintiff also contends that Defendant unlawfully took possession of assets he was set to receive through his mother's will. He asserts that his mother, Geraldine Cheryl Shields, executed a will that left Plaintiff with a home and her remaining personal property. Plaintiff asserts that Defendant "locked" his mother in a home, kept her from communicating with him, and fled to California with "100% of the items willed to Plaintiff."

"Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006). Plaintiff has stated a colorable claim of conversion against Defendant based on the sale and destruction of his own personal property. The FAC may proceed at least as to that claim.

The FAC, however, may not proceed with a theory of conversion against Defendant for allegedly selling property devised to Plaintiff by his mother's will. "The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 311, (2006)). But the probate exception does not bar "federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* "Federal courts have jurisdiction to

entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, so long as the federal court does not interfere with the probate proceedings." *Id.* (quotation marks omitted).

While an interest in real property may pass to a beneficiary upon a testator's death, *Wren v. Dixon*, 161 P. 722, 732 (1916); *see also Saticoy Bay LLC Series 3580 Lost Hills v. Foreclosure Recovery Servs., LLC*, 559 P.3d 856, 860 (2024), a possessory right in a decedent's personal property remains with an estate's representative "until the estate is settled." NRS 143.020. And only a personal representative may pursue an action against third parties for conversion of estate assets. *See* NRS 143.070(1); NRS 143.100.

Here, it is unclear whether Plaintiff properly invokes this court's jurisdiction. It is not apparent from the FAC whether probate proceedings are pending in state court. Thus, the court cannot determine if a claim for conversion in this court would interfere with state probate proceedings.

Even if the probate exception does not apply, Plaintiff fails to allege a cognizable right to the devised property to establish a claim for conversion. Plaintiff has no possessory right in the devised personal property until completion of probate, unless he is the beneficiary of a nonprobate transfer, which he does not allege here. *See* NRS 111.815. Thus, the right to pursue an action for conversion remains with the estate's personal representative.

Accordingly, Plaintiff's claim is dismissed with leave to amend.

**II. CONCLUSION**

(1) Plaintiff's claim for alleged conversion of Plaintiff's personal belongings shall **PROCEED** against Defendant in the FAC;

(2) However, Plaintiff's claim for alleged conversion of property belonging to the estate of Geraldine Cheryl Shields shall be **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff has 30 DAYS from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT" and shall include this case number in the caption. If Plaintiff fails to file a second amended complaint within 30 days, this action will proceed on the claim identified above, and the court will enter the appropriate order allowing for service of process of second amended complaint on Defendant.

**IT IS SO ORDERED**.

Dated: September 10, 2026

Craig S. Denney
United States Magistrate Judge