**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DOUGLAS E. SHIELDS,<br>Plaintiff<br>v.<br>DORENE L. SHIELDS,<br>Defendant | Case No.: 3:26-cv-00224-MMD-CSD<br>**Order**<br>Re: ECF No. 7 |

The court previously granted Plaintiff in forma pauperis status and screened Plaintiff's *pro se* first amended complaint (FAC) pursuant to 28 U.S.C. § 1915(e). The court allowed Plaintiff to proceed with a claim for conversion against Defendant for the alleged theft of Plaintiff's personal belongings. (ECF No. 6.) The court dismissed the FAC with leave to amend as to Plaintiff's claim against Defendant for the alleged theft of property given to Plaintiff by his mother. Plaintiff has filed a second amended complaint (SAC), (ECF No. 7), which the court now screens.

## I. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Second Amended Complaint**

Plaintiff, a citizen of Nevada, brings a second amended complaint against Dorene Shields, a citizen of California, by way of this court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff alleges that Defendant unlawfully took possession of several items of his property including tools, equipment, antiques, collectibles, clothing, and more. According to Plaintiff, Defendant sold these items and retained the profit for herself.

Plaintiff also contends that Defendant unlawfully took possession of assets his mother, Geraldine Cheryl, transferred to him before her death. Those assets included his mother's home and her personal belongings. Plaintiff asserts that this was a non-probate transfer and that no probate proceedings are pending before a state court. Moreover, Plaintiff alleges that Defendant convinced his mother, who was not of sound mind, to give Defendant power of attorney. Plaintiff states that Defendant prevented his mother from communicating with him by taking away her phone and computer.

"Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328, 130 P.3d 1280, 1287 (2006). Plaintiff has stated a colorable claim of conversion against Defendant based on the sale and destruction of his personal property. That claim may proceed

The SAC also states a colorable claim against Defendant for allegedly converting the property transferred to Plaintiff by his mother. Under previous iterations of the complaint, it was unclear whether Plaintiff or his mother held the possessory right over the property to assert a claim for conversion. Here, the SAC alleges that Plaintiff was the sole owner of the property at the time Defendant took wrongful possession. Thus, reading the SAC liberally at the screening

stage, Plaintiff sufficiently alleges an actionable right to property under a theory of conversion. His claim may proceed.[1]

## II. CONCLUSION

(1) The SAC shall **PROCEED** against Defendant for the alleged conversion of Plaintiff's personal belongings.

(2) The SAC shall **PROCEED** against Defendant for the alleged conversion of property transferred to Plaintiff by Geraldine Cheryl Shields.

(3) The Clerk of Court shall **ISSUE** summonses for Defendant Dorene L. Shields, and deliver the same, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the complaint, (ECF No. 7), and this Order to the U.S. Marshal for service on the Defendant. The Clerk shall **SEND** to Plaintiff, one (1) USM-285 form. Plaintiff will have 21 days within which to furnish to the U.S. Marshal the required USM-285 form with the relevant information at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within 20 days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

---

[1] It is unclear whether Plaintiff intends to assert a standalone claim for elder abuse against Defendant. Under Nevada law "if an older person or a vulnerable person...suffers a loss of money or property caused by exploitation, the person who caused the...loss *is liable to the older person or vulnerable person*." NRS 41.1395(1). All actions "must be prosecuted in the name of the real party in interest" or by a lawful executor, administrator, guardian, bailee, trustee, or person authorized by statute. Fed. R. Civ. P. 17(a)(1). Because Plaintiff has not clearly asserted a claim of elder abuse and has not alleged that he is a party in interest entitled to pursue a claim for elder abuse on his mother's behalf, the court does not construe the complaint to assert such a claim. However, if Plaintiff does seek to assert such a claim, he may file the appropriate motion to amend his complaint to do so.

(4) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(5) Plaintiff shall serve upon Defendant or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

//

//

//

**IT IS SO ORDERED**.

Dated: November 13, 2026

Craig S. Denney
United States Magistrate Judge